Tonya S. GRAHAM, Linda Pearl, Plaintiffs,

v.

GALLANT INSURANCE GROUP, Defendant.

No. 3:97CV–459(R).

United States District Court, W.D. Kentucky, Louisville Division.

Aug. 9, 1999.

## MEMORANDUM OPINION & ORDER

RUSSELL, District Judge.

Currently before the Court is the issue of whether evidence of post complaint conduct is discoverable or admissible in a bad faith claim against an insurer.

### I. FACTS AND CLAIMS

On May 4, 1997, Plaintiff Tonya Graham, while driving a vehicle owned by Plaintiff Linda Pearl, was in an automobile accident with an uninsured motorist. On June 24, 1997, Defendant denied Plaintiff's uninsured motorist claim on the basis that the policy was not effective until the day after the accident.

Plaintiffs filed this suit in the Jefferson Circuit Court asserting claims for uninsured motorist coverage and property damage as a result of the accident. Defendants removed the suit to this Court on July 25, 1997, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

On December 2, 1997, Plaintiffs amended their Complaint to assert a bad faith claim, alleging that Defendant, through counsel, had admitted that there was coverage for the accident, but that Defendant failed to make a good faith attempt to settle the claim more than thirty days after Plaintiffs' submission of an itemization of damages.

On July 8, 1999, Defendant was sanctioned $2,500 for failure to provide discovery to Plaintiff, and for failure to comply with orders of this Court.

A hearing was scheduled for December 15, 1998 for defendant to show cause as to why it should not be held in default for continued refusal to comply with court orders. Despite being ordered to personally appear, no corporate representative of Defendant was present for the hearing. Defendant was sanctioned an additional $2,500, and default judgment was entered in favor of Plaintiffs on the underlying uninsured motorist and property damage claims. The parties agreed to dismiss

Richard Martin Breen, Mat A. Slechter, Richard Breen Law Offices, Louisville, KY, for plaintiffs.

John J. McLaughlin, Michael F. Lawrence, Charles H. Cassis, Goldberg & Simpson, Louisville, KY, Mary Jo Wetzel, Richard T. Mullineaux, Kightlinger & Gray, New Albany, IN, for defendant.

these claims with prejudice on March 18, 1999. The Court took no position on the merits of the parties' positions on the underlying claims. The bad faith claim remains in dispute.

Plaintiffs seek to discover evidence that was produced after the filing of this suit on July 3, 1997. Defendant argues that post-complaint conduct is not discoverable or admissible in a bad faith claim against an insurer.

## II. DISCOVERY AND ADMISSIBILITY OF POST–COMPLAINT EVIDENCE

The parties agree that the seminal case on the issue of the admissibility post-complaint conduct is *White v. Western Title Insurance Co.*, 40 Cal.3d 870, 221 Cal. Rptr. 509, 710 P.2d 309 (1985). In *White,* an insured sued an insurance company for breach of contract, negligence, and breach of the covenant of good faith and fair dealing. The California Supreme Court held that evidence of settlement offers were admissible where admitted to prove title company's bad faith, not to prove liability for the underlying loss.

The *White* Court recognized that "[i]t is clear that the contractual relationship between insurer and the insured does not terminate with commencement of the litigation." *Id.* at 317. The Court reasoned that drawing a "sharp distinction between conduct before and after suit was filed would be undesirable" because it would "encourage insurers to induce the early filing of suits and to delay serious investigation and negotiation until after suit was filed when its conduct would be unencumbered by any duty to deal fairly and in good faith." *Id.* at 317.

The *White* Court further reasoned that the difficulty imposed on the insurer to defend the suit, including the attorney who prepares the underlying case becoming a critical witness in the bad faith action, does not "justify a distinction between the period before suit is filed and the period after it is filed." *Id.*

Defendant argues that the California Court of Appeals has consistently limited the rule established by *White* and recognized that it places a serious burden on insurance company defendants. Defendant relies heavily on the dissenting opinion in *White,* which reasoned that under the majority opinion, "anything the insurer does to defend in a coverage action in which it is ultimately unsuccessful, no matter how pro forma a part of the litigation process, may arguably under this approach be considered conduct in violation of the insurer's duty 'to refrain from doing anything to injure the right of the other to receive the benefits of the agreement....'" *Id.* at 323–24 (Lucas, J. dissenting) (quoting *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 169 Cal.Rptr. 691, 620 P.2d 141 (1979)).

Courts in other states have recognized that "actions taken after an insured files suit are at best marginally probative of the insurer's decision to deny coverage." *Palmer v. Farmers Insur. Exchange,* 261 Mont. 91, 861 P.2d 895, 915 (1993) (citing Randy Papetti, Note, Insurer's Duty of Good Faith in the Context of Litigation, 60 Geo.Wash.L.Rev.1931, 1972 (1992)). However, the *Palmer* Court refused to "impose a blanket prohibition on such evidence" because "[i]n some instances ... the evidence of the insurer's post-filing conduct may bear on the reasonableness of the insurer's decision and its state of mind when it evaluated and denied the underlying claim." *Id.*

The Tenth Circuit has recognized that "[i]n general, an insurer's litigation tactics and strategy in defending a claim are not relevant to the insurer's decision to deny coverage ... [o]nce litigation has commenced, the actions taken in its defense are not ... probative of whether [an insurer] in bad faith denied the contractual lawsuit." *Timberlake Construction Co. v. U.S. Fidelity and Guaranty Co.,* 71 F.3d 335, 340 (10th Cir.1995) (quoting *Palmer,* 861 P.2d at 915). The *Timberlake* Court held that "while evidence of an insurer's

litigation conduct may, in some rare instances, be admissible on the issue of bad faith, such evidence will generally be inadmissible, as it lacks probative value and carries a high risk of prejudice." *Id.* (citing Fed.R.Evid. 401, 403).

This Court agrees that a broad application of *White* could expand the tort of bad faith beyond its intended scope and impair the right of the insurer to defend itself. The Court also recognizes that it has the authority under the Federal Rules of Civil Procedure to impose penalties for bad faith litigation tactics, and has exercised that authority twice in this case.

However, there is no question that the duty of good faith by an insurance company is a continuing duty, which continues past the filing of a bad faith complaint against the insurer. Because of this continuing duty, there may be evidence of post-filing conduct that is relevant to the bad faith claim. While the weight of authority recognizes the need to restrict the introduction of evidence regarding litigation tactics after a suit has been filed, the cases discussed above do not draw an absolute barrier to such evidence. Therefore, this evidence is discoverable even though it may ultimately be found to be inadmissible.

Plaintiff is entitled to discover all documentation concerning the defense of the underlying uninsured motorist and property damage claims, but not entitled to discover documents regarding the bad faith claim. Clearly, not all evidence from the post-complaint period will be admissible, and the Court reserves ruling on which specific documents discovered regarding the underlying uninsured motorist and property damage claims are admissible. On the whole, defensive pleadings and traditional litigation tactics, absent a "smoking gun," will not be admissible. The insurer is certainly entitled to defend itself and deny allegations and dispute discovery, just like any other litigant. However, this should not completely bar Plaintiff's right to discover evidence in which "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

## III. DUE PROCESS

The elements of a cause of action for tortious misconduct justifying a claim of bad faith are "(1) that the insurer was obligated to pay, (2) that the insurer lacked 'a reasonable basis in law or fact for denying the claim,' and (3) that the 'insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.'" *Empire Fire & Marine Insur. Co. v. Simpsonville Wrecker Service, Inc.,* 880 S.W.2d 886, 888 (Ky.App.1994) (quoting *Wittmer v. Jones,* 864 S.W.2d 885, 890 (Ky.1993)).

In *Empire,* the Kentucky Court of Appeals recognized

> a bad faith refusal to pay must first be tested to determine whether the insurer's refusal to pay involved a claim which was fairly debatable as to either the law or the facts. If a genuine dispute does exist as to the status of the law governing the coverage question, the insured's claim is fairly debatable and the tort claim for bad faith based upon the insurer's refusal to pay the claim may not be maintained.

*Id.* at 890.

Defendant relies on *Empire* to assert that the admittance of post-complaint evidence would deny its due process rights. However, the issue of whether payment under the policy was delayed because of a dispute that was "fairly debatable" goes to the ultimate resolution of whether Defendant is liable for bad faith, not what evidence is admissible regarding bad faith. Post-complaint conduct could potentially be relevant in determining whether Defendant's refusal to pay in this case was "fairly debatable as to either the law or facts" or was based on bad faith. While some post-complaint evidence could raise due process concerns, it cannot form an absolute bar to post-complaint evidence

of bad faith and discovery of this evidence must be permissible.

**THEREFORE, IT IS ORDERED:**

All documents relating to the defense of the underlying uninsured motorist and property damage claims are discoverable. All documents relating to the bad faith claim are not discoverable.